**NOT FOR PUBLICATION**

FEB 28 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIAN BING TAN, a.k.a. Judy Yee, | No. 08-71473 |
| Petitioner, | Agency No. A044-196-590 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2011
Pasadena, California

Before: GOODWIN, KLEINFELD, and GRABER, Circuit Judges.

Lian Bing Tan, a native citizen of the People's Republic of China and lawful

permanent resident since 1994, petitions for review of the Board of Immigration

Appeals' (BIA) dismissal of her appeal of an immigration judge's (IJ) order

denying her request for a waiver under 8 U.S.C. § 1227(a)(7) and for cancellation

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of removal. The BIA found that Tan's conviction for child endangerment under California Penal Code section 273a(a) was an aggravated felony, as a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(b), precluding her from cancellation of removal.

We need not reach the issue of the BIA's application of the modified categorical approach to Tan's conviction under California Penal Code section 273a(a), because the BIA also denied her application for cancellation of removal on the ground that, regardless, she would not receive a favorable exercise of discretion. See, e.g., Martinez-Rosas v. Gonzales, 424 F.3d 926, 929–30 (9th Cir. 2005) (citing 8 U.S.C. 1229b). By statute, we lack jurisdiction over the BIA's unfavorable discretionary decision, so Tan cannot obtain relief. 8 U.S.C. § 1252(a)(2)(B)(i).

Petitioner's arguments with respect to the discretionary decision are factual in nature, although clothed as a legal argument. See Martinez-Rosas, 424 F.3d at 930. Even if we addressed her arguments on the merits, they would fail. The BIA did balance all relevant positive and negative factors as required under our case law. Kalubi v. Ashcroft, 364 F.3d 1134, 1139 (9th Cir. 2004). Additionally, we

lack jurisdiction to consider Tan's argument about the use of her statements from her bond hearing because she failed to raise it in her brief to the BIA. Abebe v. Mukasey, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam), cert. denied, 130 S. Ct. 3272 (2010).

The petition for review is therefore **DENIED**.